8 F.3d 816
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Vanille C. BROWN-BRUNSON; Alexander Brunson, Sr.,
Plaintiffs-Appellants,
v.
Richard C. HUNTER, Superintendent, Baltimore City Board of
Education; Willie Kimbrow; Board of Education of Baltimore
County; Joseph L. Shilling, Superintendent, Maryland State
Department of Education; Jennifer Burdick, Executive
Director, State of Maryland Commission of Human Relations;
J. Joseph Curran, Jr., Attorney General; Larry Lorton;
Donna Digrazia; John Makell; Rose Cardamone; Ray R.
Keech; Donald Judy; Maryland State Teacher's Association;
Teachers Association of Baltimore County Maryland,
Incorporated; Board of Education of Anne Arundel County,
Defendants-Appellees,
and Robert Y. DUBEL, Superintendent, Board of Education of
Baltimore County; Robert H. Chapman, III, Northeast Area
Superintendent, Board of Education of Baltimore County;
Anthony G. Marchione, Associate Superintendent, Board of
Education of Baltimore County; Frank H. Grieb, Jr.;
Margaret Shrewsbury; Anne Wright; George Sparks, Jr.;
Donald E. Pearce; Calvin Disney; Hilda W. Hillman;
Gwendolyn B. Tisdale; Phillis Shimonkevitz; Margaret Rowe;
Robert C. Embry, Jr.; Joan C. Maynard; Herbert Fincher;
Wendy Prioleau; Rosalie Hellman; Ronald L. Jacoby; Ronald
R. Stokeley; Victor Delibera, Sr.; Robert L. Hawkins;
Nancy S. Grasmick; Donald P. Hutchinson; Wilson H. Parran;
John C. Sprague; Benjamin Swinson; Ernest G. Barnes;
Louis Martin, Deputy Director, State of Maryland Commission
of Human Relations; Patricia A. Wood; Carolyn Jasmin;
Jonathan O. Riddix; Valerie V. Cloutier; Michael A. Butera,
Executive Director, Maryland State Teachers' Association;
James R. Whattam; Walter S. Levin; Susan W. Russell; Martin
D. Peters, President, Teachers Association of Baltimore
County, Maryland, Incorporated; Joseph Jim Gregory,
Executive Director, Teachers Association of Baltimore
County, Maryland, Incorporated; Donald P. Kopp, Assistant
Executive Director, Teachers Association of Baltimore
County, Maryland, Incorporated; Board of Education of
Harford County; Frederick K. Schoebrodt; Patricia K.
Cushwa, Defendants.
 No. 92-1853.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 20, 1993.
Decided: November 2, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CA-90-1545-HM)
 Vanille C. Brown-Brunson, Alexander Brunson, Sr., Appellants Pro Se.
 Burton Harry Levin, Office of the City Solicitor, Baltimore, Maryland; Leslie Robert Stellman, Littler, Mendelson, Fastiff & Tichy, Baltimore, Maryland; Carolyn Annette Quattrocki, Office of The Attorney General of Maryland, Baltimore, Maryland; Sally Lotz Swann, Maryland Commission on Human Relations, Baltimore, Maryland; John Francis Breads, Jr., Annapolis, Maryland; M. Albert Figinski, Weinberg & Green, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Vanille Brown-Brunson and her husband, Alexander Brunson, Sr., filed a multi-count Complaint against approximately fifty-one Defendants, 1 alleging racial discrimination in employment and sexual harassment in violation of Title VII (42 U.S.C.A.s 2000e et seq. (West 1981 & Supp. 1993)), 42 U.S.C.A. § 1981 (West Supp. 1993), and 42 U.S.C. §§ 1983, 1985, and 1986 (1988), after Brown-Brunson's teaching contract with the Baltimore County Public Schools was not renewed following a one-year probationary period. They also alleged due process violations, and asserted state law claims for wrongful discharge, tortious breach of contract, defamation, and intentional infliction of emotional distress. The Complaint was later amended to add an additional eight Defendants.[2]
 
 
 2
 The district court found for the Defendants in six separate orders. The district court first determined that the allegations against the MSTA and TABCO Defendants failed to give rise to liability under any federal statute, and thus granted the Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by these Defendants. The district court determined that the State Defendants and those Defendants affiliated with the Maryland Commission on Human Relations were immune from suit under the Eleventh Amendment and likewise granted Rule 12(b)(6) dismissal. The district court granted summary judgment under Fed. R. Civ. P. 56 as to all claims against the County Defendants, including those stating violations of Maryland law, after thoroughly discussing the merits of each and concluding that these claims were factually or legally unsupported. The Harford County and Anne Arundel County Defendants were dismissed without prejudice for the Plaintiffs' failure to effect adequate service within 120 days of filing their Amended Complaint, as required by Fed. R. Civ. P. 4(j) and local rule. Finally, the district court declined to exercise subject matter jurisdiction over the state claims against the City Defendants, because all federal claims had previously been dismissed.
 
 
 3
 The Plaintiffs now appeal, challenging the district court's decisions.[3] We have carefully reviewed the district court's opinions, the appellate record, the parties' informal briefs, and all pending motions, and conclude that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.[4] Brown-Brunson v. Hunter, No. CA90-1545-HM (D. Md. Feb. 25, 1991; Apr. 13, 1992; June 22 & June 29, 1992). We deny the Plaintiffs' Motion to Expedite The Proceedings, and the County Defendants' Motion to Dismiss Appellant's Appeal. We grant the County Defendants' subsequent motion to withdraw their dismissal motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The Defendants named in the original Complaint included: the Baltimore City Board of Education, City Board official Kimbrow, and Superintendent Hunter (hereinafter "the City Defendants"); the Maryland State Teachers' Association (MSTA) and Defendants Butera, Whattam, Levin, and Russell, all of whom were affiliated with the MSTA ("the MSTA Defendants"); the Teachers' Association of Baltimore County (TABCO) and TABCO officials Peters, Gregory, and Kopp ("the TABCO Defendants"); Defendants Burdick, Martin, Jasmin, Riddix, and Wood, all affiliated with the Maryland Commission on Human Relations; the Board of Education for Baltimore County, and persons affiliated with that Board or in some way involved in the termination decision underlying this Complaint, including Defendants Wright, Tisdale, Stokeley, Sparks, Shrewsbury, Shimonkevitz, Rowe, Prioleau, Pearce, Marchione, Milkulski, Jacoby, Hillman, Hellman, Hawkins, Grieb, Grasmick, Duble, Disney, and Chapman ("the County Defendants"); and several state officials, including Defendants Shilling, Embry, Maynard, Fincher, Schoebrodt, Hutchinson, Parran, Sprague, Swinson, Cushwa, and Barnes, all affiliated with the Maryland State Department of Education or the State Board which heard Brown-Brunson's case, Maryland Attorney General Curran, and Defendant Cloutier of the Attorney General's Office ("the State Defendants")
 
 
 [2]
 The added Defendants included the Board of Education of Harford County, and Defendants Keech and Judy, both of whom were affiliated with that Board; and the Board of Education of Anne Arundel County, along with Board officials Lorton, DiGrazia, Cardamone, and Makell
 
 
 [3]
 The Plaintiffs also allege for the first time on appeal that they should be entitled to claim the benefits of the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991), because this case was pending below when that Act went into effect. They have not specified what particular provisions of the Act they would like to claim, however. Furthermore, they failed to raise this issue below, although there was ample time to do so, and are thus precluded from raising it for the first time on appeal. Singleton v. Wulff, 428 U.S. 106 (1976); Bakker v. Grutman, 942 F.2d 236 (4th Cir. 1991)
 
 
 [4]
 In reaching this decision, we analyzed the Plaintiffs' retaliatory discharge claim under Title VII and under Maryland law, and found that claim to be lacking under either approach